CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 09 2017

JULIA C. DUDLEY, CLERK
BY: /s/ Daley
(DEPUTY CLERK)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DOMINQUE HERMAN ADAMS, | ) | CASE NO. 7:17CV00027 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| R. LIGHT, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendants. | ) | |

Dominique Herman Adams, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that prison officials at Red Onion State Prison placed him in four-point restraints for eight hours without justification or due process. Upon review of the record, the court finds that the action must be summarily dismissed under 42 U.S.C. § 1997e(a), because it is clear from the face of the complaint that Adams did not file a grievance before commencing this lawsuit.

I.

Adams is incarcerated at Wallens Ridge State Prison ("Wallens Ridge"). He alleges that on September 16, 2015, "Adams was informed by Light to pack his personal property after he stopped kicking his cell door, after Adams advised Collins that Corrections Officer J. Dean had denied him his outside recreation, then Collins said to Adams that 'my officers don't lie.'" (Compl. Attach. 3 ¶ 1, ECF No. 1-3.) Thereafter, officers escorted Adams to another cell, stripped him to his undershorts, placed a chain linking his handcuffs, waist chain, and leg irons, and left him restrained in that manner for nearly eight hours. Later that day, Collins brought a disciplinary charge against Adams for tampering with security equipment or device.

Adams filed this § 1983 action in January 2017. Liberally construing his complaint, he alleges that holding him in four-point restraints for nearly eight hours without a hearing violated

his rights under the Eighth and Fourteenth Amendments; Collins violated due process by bringing a false disciplinary charge; and supervisory officials allowed these violations to occur. As relief, Adams seeks monetary damages.

II.

The Prison Litigation Reform Act ("PLRA") provides, among other things, that a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies. Nussle v. Porter, 534 U.S. 516, 524 (2002). This exhaustion requirement is "mandatory." Ross v. Blake, 136 S. Ct. 1850, 1856 (2016). It applies to "all inmate suits, whether they involve general circumstances or particular episodes, . . . whether they allege excessive force or some other wrong," and whether or not the form of relief the inmate seeks is available through exhaustion of administrative remedies. Id. (citing Booth v. Churner, 532 U.S. 731, 741 (2001)). To comply with § 1997e(a), an inmate must properly follow each step of the established administrative procedure that the state provides to prisoners and meet all deadlines within that procedure before filing his § 1983 action. See Woodford v. Ngo, 548 U.S. 81, 90-94 (2006). "A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies." Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017).

The court takes judicial notice of the fact that Virginia Department of Corrections ("VDOC") Operating Procedure ("OP") 866.1 is the written administrative remedies procedure that VDOC inmates, such as Adams, must follow to comply with § 1997e(a).[1] Under OP 866.1, an inmate with a grievance about some event or issue must first make a good faith effort to resolve his concerns informally immediately after the incident, normally by filing an informal

---

[1] See OP 866.1, Offender Grievance Procedure, http://www.vadoc.virginia.gov/about/procedures (last visited May 9, 2017).

complaint form. Prison staff should provide the inmate with a written response on the bottom of the informal complaint form and return it to him within fifteen days. The inmate can then initiate the next step under OP 866.1 — a regular grievance, with the informal complaint attached.

A regular grievance must be filed within 30 days of the occurrence about which it complains. After investigation of the grievance, the warden or his designee will send the inmate a Level I response. If the responding official determines the grievance to be "unfounded," for full exhaustion of available remedies, the inmate must appeal that holding to Level II, the regional administrator, and in some cases, to Level III.

On the face of his complaint, Adams states that he did not file any grievances regarding the claims raised in his § 1983 complaint. He has also submitted copies of other remedy forms he filed, purportedly in an effort to exhaust. More than a year after the incident at issue, Adams first filed an informal complaint form, dated October 16, 2016, complaining that officers had placed him in "ambulatory restraints" for eight hours on September 16, 2016. (V.S., at 3, ECF No. 2.) The response, dated October 21, 2016, stated that according to records, no ambulatory restraints had been applied to Adams on September 16, 2016. Adams filed a second informal complaint, dated October 24, 2016, making the same complaint, but stating the correct date of the ambulatory restraints incident as September 16, 2015. The written response, dated November 11, 2016, indicated that Adams' had waited more than 30 days to file an informal complaint about a September 2015 incident. Based on this response, Adams argues that he had no <u>available</u> administrative remedies in October 2016 and that any attempt to file a regular grievance or further appeals was futile. He argues that this alleged futility in 2016 excused him from the exhaustion requirement under § 1997e(a). He is mistaken.

Adams does not state any facts suggesting that the grievance procedures at Wallens Ridge were unavailable to him in any respect in September and October 2015, or that the procedures did not offer any relief. Ross, 136 S. Ct. at 1859. Rather, Adams' allegations, taken as true, show that he failed to attempt exhaustion of such grievance procedures immediately following the September 2015 incident and, instead, waited more than a year to file his first informal complaint forms about it. Once told that he had filed outside the 30-day deadline for a regular grievance, he stopped attempting exhaustion. Thus, it is clear from the face of Adams' complaint and attachments that he did not complete the available steps in the VDOC grievance procedure: he did not file a timely informal complaint or regular grievance in the 30 days following the incident and, as a consequence, failed to pursue the administrative remedies and appeals then available to him under OP 866.1. The court concludes that this clear failure to comply with 42 U.S.C. § 1997e(a) before filing his § 1983 complaint bars this lawsuit. Accordingly, the court will summarily dismiss the action without prejudice. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 9th day of May, 2017.

Chief United States District Judge